UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CHIQUITA FRESH NORTH AMERICA LLC      :
                                      :
      and                             :
                                      :
WILLIAM MANIS COMPANY                 :
                                      :
            Plaintiffs                :
                                      :
      v.                              :   Civil No. 08cv2403 (BSJ)(GWG)
                                      :
JUNIPER TREE, INC., a/t/a BEST PRODUCE :
                                      :   **COMPLAINT**
      and                             :
                                      :
YOUNG J. SUH                          :
                                      :
            Defendants                :

Chiquita Fresh North America LLC and William Manis Company (hereinafter referred to as "plaintiffs"), for their Complaint against defendants, allege:

JURISDICTION AND VENUE

1.      Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5), (hereafter "the PACA") and 28 U.S.C. §1331.

2.      Venue in this District is based on 28 U.S.C. §1391 in that (a) plaintiffs' claims arose in this District and (b) defendants' principal place of business is in this District.

PARTIES

3.      Plaintiff, Chiquita Fresh North America LLC ("Chiquita Fresh") is an Ohio corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all

- 1 -

times pertinent herein, Chiquita Freshplaintiff was licensed as a dealer under the provisions of PACA.

4. Plaintiff, William Manis Company ("Manis") is a Florida corporation engaged in the business of buying and selling wholesale quantities of produce in interstate commerce. At all times pertinent herein, Manis was licensed as a dealer under the provisions of PACA.

5. a. Defendant, Juniper Tree, Inc., a/t/a Best Produce ("Juniper Tree"), is a New York corporation with a principal place of business in Bronx, New York, and was at all times pertinent herein, a purchaser of wholesale quantities of produce subject to the provisions of the PACA and licensed hereunder as a dealer.

b. Defendant, Young J. Suh, upon information and belief, is and was an officer and director of Juniper Tree and is and was in a position of control over the PACA trust assets belonging to plaintiffs.

## GENERAL ALLEGATIONS

6. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

7. Plaintiff sold and delivered to defendants, in interstate commerce, wholesale quantity of produce as follows:

        Chiquita Fresh       $29,601.92

        Manis                $46,366.05

8. Defendants have failed to pay for the produce when payment was due, despite repeated demands, and presently owe plaintiff, Chiquita $29,601.92, and plaintiff, Manis $46,366.05 for a total aggregate amount owed of $75,967.97.

9. At the time of receipt of the produce, plaintiffs became beneficiaries in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

10. Plaintiffs preserved their respective interests in the PACA trust in the aggregate amount of $75,967.97 and remain beneficiaries until full payment is made for the produce.

11. Defendants' failure, inability, and refusal to pay the aggregate amount of $75,967.97 show that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiffs and are dissipating trust assets.

### Count 1
(Failure to Pay Trust Funds)

12. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13. The failure of defendants to make payment to plaintiffs of trust funds in the aggregate amount of $75,967.97 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

### Count 2
(Failure to Pay For Goods Sold)

14. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Defendants failed and refused to pay plaintiffs the aggregate amount of $75,967.97 owed to plaintiffs for produce received by defendants from plaintiffs.

Count 3
(Unlawful Dissipation of Trust Assets by
a Corporate Officer – Young J. Suh)

16. Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 15 above as if fully set forth herein.

17. Defendant, Young J. Suh, was an officer and director of Juniper Tree and was in a position to control the PACA trust assets belonging to plaintiff during the time period in question.

18. Defendant Young J. Suh failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiffs for the produce they supplied.

19. Defendant Young J. Suh's failure to direct the corporation to maintain PACA trust assets and pay plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

20. As a result of said unlawful dissipation of trust assets, plaintiffs have been deprived of theirs rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

Count 4
(Interest and Attorney's Fees)

21. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22. As a result of defendants' failure to make full payment promptly in the aggregate amount of $75,967.97, plaintiffs have lost the use of said money.

23. As a further result of defendants' failure to make full payment promptly in the aggregate amount of $75,967.97, plaintiffs have been required to pay attorney's fees and costs in order to bring this action to require defendants to comply with their statutory duties.

24.  PACA and the invoices of plaintiffs entitle plaintiffs to recover prejudgment interest at the rate of 18% per annum and attorney's fees incurred to collect any balance due from defendants.

WHEREFORE, plaintiffs request the following relief:

1) An order enforcing payment from the trust by requiring immediate payment in the aggregate amount of $75,967.97 to plaintiffs;

2) Judgment against each of the defendants, jointly and severally, in the aggregate amount of $75,967.97 under the trust provisions of the PACA;

3) Judgment against each of the defendants, jointly and severally, for prejudgment interest, costs and attorneys fees.

Dated this 8th day of March, 2008.

        Respectfully submitted

        LAW OFFICES OF BRUCE LEVINSON

        By: /s/ Gregory Brown
        Bruce Levinson (BL0749)
        Gregory Adam Brown (GB1977)
        747 Third Avenue, 4th Floor
        New York, New York 10017-2803
        (212) 750-9898

        and

        Louis W. Diess, III
        McCARRON & DIESS
        4900 Massachusetts Ave., N.W. Suite 310
        Washington, D.C. 20016
        (202) 364-0400

        Attorneys for Plaintiffs