UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHIQUITA FRESH NORTH AMERICA LLC : | |
| and : | |
| WILLIAM MANIS COMPANY : | |
| Plaintiffs : | |
| v. : | Civil No. 08cv2403 (BSJ)(GWG) |
| JUNIPER TREE, INC., a/t/a BEST PRODUCE : | **MOTION FOR** |
| and : | **PRELIMINARY INJUNCTION** |
| YOUNG J. SUH : | |
| Defendants : | |

Upon the verified affidavits of the representatives of the plaintiffs, and the accompanying memorandum in support, plaintiffs move the Court to issue a preliminary injunction under Rule 65(b) of the Federal Rules of Civil Procedure enforcing the statutory trust pursuant Section 5(c) of the Perishable Agriculture Commodities Act, 7 U.S.C. §499e(c), by restraining the transfer of any and all trust assets of Juniper Tree, Inc., a/t/a Best Produce except for any payment to plaintiffs until there is either full payment to plaintiffs in the aggregate amount of $75,967.97 pending the final outcome of this action.

Dated this 8th day of March, 2008.

Respectfully submitted

LAW OFFICES OF BRUCE LEVINSON

By: /s/ Gregory Brown
Bruce Levinson (BL0749)
Gregory Adam Brown (GB1977)
747 Third Avenue, 4th Floor
New York, New York 10017-2803
(212) 750-9898

and

Louis W. Diess, III
McCARRON & DIESS
4900 Massachusetts Ave., N.W. Suite 310
Washington, D.C. 20016
(202) 364-0400

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHIQUITA FRESH NORTH AMERICA LLC : <br> : <br> and : <br> : <br> WILLIAM MANIS COMPANY : <br> : <br>         Plaintiffs : <br> : <br>         v. : <br> : <br> JUNIPER TREE, INC., a/t/a BEST PRODUCE : <br> : <br> and : <br> : <br> YOUNG J. SUH : <br> : <br>         Defendants : <br> : | Civil No. 08cv2403 (BSJ)(GWG) <br><br> **ATTORNEY CERTIFICATION WHY NOTICE SHOULD NOT BE REQUIRED PURSUANT TO RULE 65(b)** |

The undersigned represents plaintiffs in this action to enforce the trust provisions of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c).

Notice of this motion should not be required because notice will afford defendants an opportunity to dissipate trust assets that are required by statute to be held for the benefit of plaintiffs, a PACA trust creditors of defendants.

Defendants are under a statutory duty to pay promptly for produce from the PACA trust established by statute. Defendants have failed to pay, despite repeated demands. Advising defendants of the pendency of this motion will allow defendants to continue to pay non-trust debts with trust assets prior to the hearing in order to avoid serious personal liabilities, such as criminal liability for failure to pay withholding taxes. As noted in the House Report on the PACA trust amendment, once trust assets are dissipated, it is all but impossible to recover them. H.R. Rep. No. 543, 98th Cong., 2d

- 2 -

Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411.  See also <u>Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.</u>, 222 F.3d 132 (3rd Cir. 2000); <u>J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.</u>, 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); <u>Armata Fruit v. Thomas J. Gatziolis & Co.</u>, 774 F.Supp. 449 (N.D. Ill. 1991); and <u>Gullo Produce Co., Inc. v. Jordan Produce Co., Inc.</u>, 751 F.Supp. 64 (W.D. Pa. 1990).

Entry of a temporary restraining order without notice guarantees the performance of the statutory duty to preserve and pay trust assets, and prevents any further dissipation pending a further hearing, which can be set forthwith.

Dated this 8th day of March, 2008

          LAW OFFICES OF BRUCE LEVINSON

          By: /s/ Gregory Brown
            Bruce Levinson (BL0749)
            Gregory Adam Brown (GB1977)
            747 Third Avenue, 4th Floor
            New York, New York 10017-2083
            (212) 750-9898

            Attorneys for Plaintiff