UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CHIQUITA FRESH NORTH AMERICA LLC

and

WILLIAM MANIS COMPANY

          Plaintiffs

v.

JUNIPER TREE, INC., a/t/a BEST PRODUCE

and

YOUNG J. SUH

          Defendants



Civil No. 1:08-cv-02403-BSJ

**ORDER GRANTING
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION**

Plaintiffs Chiquita Fresh North America LLC and William Manis Company filed a civil action alleging violations of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), and other causes of action against Defendants Juniper Tree, Inc., a/t/a Best Produce and Young J. Suh. The complaint seeks an order enforcing payment from the produce trust established under PACA and damages.

The Court has subject matter jurisdiction over this action. 7 U.S.C. § 499e(c)(5).

On March 10, 2008, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, the Court issued an Order scheduling this matter for a hearing on Plaintiffs' Motion for Preliminary Injunction.

The standard for granting injunctive relief in the Second Circuit requires the moving party "to demonstrate (1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious

- 1 -

questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *1-800 Contacts, Inc., v. Whenu.Com, Inc.*, 414 F.3d 400, 406 (2d Cir. 2005); *Fed. Express Corp. v. Fed. Espresso, Inc.*, 201 F.3d 168, 173 (2d Cir. 2000). The facts in this case show that Plaintiffs are entitled to the requested relief.

Having considered the motion, the memorandum points and authorities in support, the affidavits of Plaintiffs' representatives in support of the motion, the court finds that Plaintiffs have established (1) that irreparable harm is likely to result if injunctive relief against Defendant is not ordered pending further court proceedings and (2) a substantial likelihood of success on the merits of their PACA claim against Defendant.

Plaintiffs offer evidence, through the affidavit of Plaintiffs' representatives, that Plaintiffs are trust creditors of Defendants under Section 5(c) of the PACA, 7 U.S.C. § 499e(c), which have not been paid for produce in the aggregate amount of $75,967.97, supplied to Defendants between June 4, 2007 and October 2, 2007, as required by PACA. The evidence also reveals that Juniper Tree, Inc., a/t/a Best Produce is experiencing cash flow problems and is unable to pay Plaintiffs the trust funds that are owed as required by the trust provisions of PACA.

A PACA trust exists for the benefit of all of the debtor's unpaid produce suppliers. 7 U.S.C. § 499e(c)(2). Congress has recognized that there is irreparable harm if PACA trust assets are dissipated because it is almost impossible for a beneficiary to obtain recovery once there has been dissipation from the trust. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990) (citing legislative history); *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132 (3d Cir. 2000). In this case, Plaintiffs have demonstrated a

strong likelihood of success on the merits. In addition, Defendant's failure and inability to pay is a very strong showing of irreparable injury in the form of dissipation of trust assets. *Frio Ice*, 918 F.2d 154; *Tanimura & Antle*, 222 F.3d 132.

Finally, the benefits of the injunction outweigh the harm to Defendant, and the issuance of the injunction will preserve the *status quo* and is not contrary to the public interest. 7 U.S.C. § 499e(c)(1).

**PRELIMINARY INJUNCTION ORDER**

**IT IS ORDERED** that Plaintiffs' Motion for Preliminary Injunction is granted.

**IT IS FURTHER ORDERED** that Defendants, their customers, agents, officers, subsidiaries, assigns, partners, banking institutions and/or related entities, shall not alienate, dissipate, pay over or assign any assets of Defendant, Juniper Tree, Inc., a/t/a Best Produce, or its subsidiaries or related companies except as set forth herein.

**IT IS FURTHER ORDERED** that within five (5) business days of the date of this Order, Defendants shall supply to Plaintiffs' counsel the following documents regarding the assets of Juniper Tree, Inc., a/t/a Best Produce and its related or subsidiary companies: most recent balance sheets and profit/loss statements, accounts receivable names and addresses for collection purposes, and all records, such as checking account registers, showing how any funds received from the sale of produce were spent in the last eight (8) months.

**IT IS FURTHER ORDERED** that Defendants and/or any banking institutions shall, within two (2) business days of service of this Order, pay any and all funds realized from the sale of produce or products derived from produce in their possession up to

$75,967.97 to McCarron & Diess, 4900 Massachusetts Avenue, N.W., Suite 310, Washington, D.C. 20016, attorneys for Plaintiffs, for payment to Plaintiffs.

**IT IS FURTHER ORDERED** that any and all funds belonging to Defendant Juniper Tree, Inc., a/t/a Best Produce in the possession of third parties, including all funds belonging to Defendant on deposit at banking institutions, up to $75,967.97, shall be immediately paid to McCarron & Diess, 4900 Massachusetts Avenue, N.W., Suite 310, Washington, D.C. 20016, attorneys for Plaintiffs, for payment to Plaintiffs.

**IT IS FURTHER ORDERED** that the attorneys for Plaintiffs are hereby authorized and directed to collect all outstanding accounts receivable of Defendant Juniper Tree, Inc., a/t/a Best Produce and transfer said collections to Plaintiffs until Plaintiffs receive full payment, and that Defendants are required to fully cooperate with Plaintiffs' attorneys in providing any necessary testimony and/or documents to effect collection.

Dated: *March 28, 2008*

Judge Barbara S. Jones
United States District Judge