PETER A. RAGONE, ESQ. (PR-6714)
ANTHONY L. COTRONEO, ESQ. (AC-0361)
ROSNER, NOCERA & RAGONE, LLP
110 Wall Street-23rd Floor
New York, New York 10005
Tel:  (212) 635-2244
Fax:  (212) 635-0533

-and-

R. JASON READ, ESQ. (RR-0232)
CA State Bar No. 117561
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA  92660
Tel:  (949) 752-2911
Fax: (949) 752-0953

Attorney for Plaintiffs
DAVID E. WHITE CO., INC. d/b/a
TRINITY FRUIT SALES CO., et al.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CHIQUITA FERSH NORTH AMERICA LLC; and WILLIAM MANIS COMPANY | : | Case No.:  08-cv-02403-BSJ |
| | : | |
| Plaintiffs | : | **DAVID E. WHITE CO., INC. d/b/a** |
| vs. | : | **TRINITY FRUIT SALES CO., ET** |
| | : | **AL.'S MOTION FOR LEAVE TO** |
| JUNIPER TREE, INC., a/t/a BEST PRODUCE; and YOUNG J. SUH | : | **INTERVENE AS PARTY** |
| | : | **PLAINTIFFS; EXHIBIT IN SUPPORT** |
| | : | **THEREOF** |
| Defendants | : | |
| | : | |
| DAVID E. WHITE CO., INC. d/b/a TRINITY FRUIT SALES CO., a corporation; and NORTHEAST TRADING, INC., a corporation; KB & R TRADING CORP., a corporation, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Intervening Plaintiffs | : | |

vs.                                                  :
                                                     :
JUNIPER   TREE,   INC.,   a/t/a   BEST              :
PRODUCE, a corporation; and YOUNG J.               :
SUH, individually,                                  :
                                                     :
                    Defendants                       :
                                                     :
_____              :

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Movants DAVID E. WHITE CO., INC., doing business as TRINITY FRUIT SALES CO. ("Trinity"), NORTHEAST TRADING, INC. ("Northeast"), and KB & R TRADING CORP. ("KB&R") (collectively as "Movants" or "Intervening Plaintiffs"), respectfully move this Court for leave to intervene as party Plaintiffs in the within proceeding.  The grounds for this Motion are more fully set forth in the Memorandum of Points and Authorities in Support of Motion for Leave to Intervene as Party Plaintiffs attached hereto and incorporated herein by reference as if fully rewritten.

On or about March 10, 2008, Chiquita Fresh North America, LLC, and William Mannis Company filed a Complaint against Juniper Tree, Inc., a/t/a Best Produce and Young J. Suh in the U.S. District Court for the Southern District of New York, Case No. 08-02403-BSJ.

Movants request that they be granted leave to file their Complaint in Intervention against the Defendants, a copy of which is attached as **Exhibit 1**.

/ / /

/ / /

/ / /

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, R. Jason Read, one of the undersigned counsel for Movants herein, conferred with Louis Diess, Esq., lead counsel for Plaintiff Chiquita Fresh North America, LLC, and William Mannis Company.  Mr. Diess does not oppose the instant intervention.

Respectfully Submitted,

ROSNER, NOCERA & RAGONE, LLP

DATED:  June 26, 2008                     By:_____/S/_____
                                          PETER A. RAGONE, ESQ. (PR-6714)
                                          ANTHONY L. COTRONEO, ESQ. (AC-0361)
                                          110 Wall Street-23rd Floor
                                          New York, New York 10005
                                          Tel:  (212) 635-2244
                                          Fax:  (212) 635-0533

                                          Of Counsel:
                                          R. JASON READ, ESQ. (RR-0232)
                                          CA State Bar No. 117561
                                          RYNN & JANOWSKY, LLP
                                          4100 Newport Place Drive, Suite 700
                                          Newport Beach, CA  92660
                                          Tel:  (949) 752-2911
                                          Fax: (949) 752-0953

                                          Attorney for Plaintiffs
                                          DAVID E. WHITE CO., INC. d/b/a TRINITY
                                          FRUIT SALES CO., et al.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true a correct copy of the foregoing Motion for Leave to Intervene as Party Plaintiffs was electronically served upon all registered counsel of record via the Court's ECF system this 26th day of June, 2008, and also sent by regular U.S. Mail to the following:

**Counsel for Plaintiffs:**

Bruce Levinson, Esq.
Law Offices of Bruce Levinson
747 Third Avenue, 4th Floor
New York, NY 10017-2803


**Defendants:**

Juniper Tree Inc. a/t/a Best Produce          Young J. Suh
1240 Oak Point Avenue                          1240 Oak Point Avenue
Bronx, New York 10474                          Bronx, New York 10474

    and                                            and

460 Barretto St.                               c/o C.J. Distributing, Inc.
Bronx, New York 10474-6719                     2330 Lemoine Ave., #220
                                               Fort Lee, New Jersey 07204

                                               And

                                               460 Barretto St.
                                               Bronx, New York 10474-6719


DATED: June 26, 2008          By:____/s/ Anthony L. Cotroneo_____
                                   Anthony L. Cotroneo (AC-0361)
                                   Counsel for Movants
                                   David E. White Co. Inc. d/b/a
                                     Trinity Fruit Sales Co.
                                   Northeast Trading, Inc.
                                   KB & R Trading Corp.

PETER A. RAGONE, ESQ. (PR-6714)
ANTHONY L. COTRONEO, ESQ. (AC-0361)
ROSNER, NOCERA & RAGONE, LLP
110 Wall Street-23rd Floor
New York, New York 10005
Tel:  (212) 635-2244
Fax:  (212) 635-0533

-and-

R. JASON READ, ESQ. (RR-0232)
CA State Bar No. 117561
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA  92660
Tel:  (949) 752-2911
Fax: (949) 752-0953

Attorney for Plaintiffs
DAVID E. WHITE CO., INC. d/b/a
TRINITY FRUIT SALES CO., et al.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| CHIQUITA FERSH NORTH AMERICA LLC; and WILLIAM MANIS COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>JUNIPER TREE, INC., a/t/a BEST PRODUCE; and YOUNG J. SUH,<br><br>Defendants | Case No.:  08-cv-02403-BSJ<br><br>**[PROPOSED] COMPLAINT IN INTERVENTION FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA")** <br>**[7 U.S.C. §499e, et seq.]** |

---

DAVID E. WHITE CO., INC. d/b/a TRINITY FRUIT SALES CO., a corporation; NORTHEAST TRADING, INC., a corporation; KB & R TRADING CORP., a corporation,

   Intervening Plaintiffs,

**EXHIBIT 1**

vs.                                         :
                                            :
JUNIPER TREE, INC., a/t/a BEST PRODUCE,     :
a corporation; and YOUNG J. SUH,            :
individually,                               :
                                            :
                        Defendants.         :

_____

Intervening Plaintiffs DAVID E. WHITE CO., INC., doing business as TRINITY FRUIT SALES CO. ("Trinity"), NORTHEAST TRADING, INC. ("Northeast"), and KB & R TRADING CORP. ("KB&R"), collectively referred to as "Intervening Plaintiffs," complain and allege, upon information and belief, as follows:

## I.

## THE PARTIES

1.     Intervening Plaintiff David E. White Co., Inc. is, and at all times material herein was a corporation doing business as "Trinity Fruit Sales Co." organized to do and doing business under the laws of the State of California with its principal place of business located in the City of Fresno, State of California.

2.     Intervening Plaintiff Northeast is, and at all times material herein was a corporation organized to do and doing business under the laws of the State of New Jersey with its principal place of business located in the City of Kenilworth, State of New Jersey.

3.     Intervening Plaintiff KB&R is, and at all times material herein was a corporation organized to do and doing business under the laws of the State of New Jersey with its principal place of business located in the City of Shrewsbury, State of New Jersey.

4.     Intervening Plaintiffs are informed and believe and thereon allege that Defendant JUNIPER TREE, INC. ("Juniper Tree") is and during all times herein mentioned was a

EXHIBIT 1

corporation having its principal place of business located in the City of New York, State of New York.

5.      Intervening Plaintiffs are further informed, believe and thereon allege that Juniper Tree is and during times relevant herein has, transacted business as "Best Produce."

6.      Intervening Plaintiffs are informed and believe and thereon allege that YOUNG J. SUH ("Suh") is an individual, who is and during all times herein mentioned was and officer, director and/or shareholder of Juniper Tree, and in that capacity controlled, or was in a position to control, the assets of Juniper Tree.  Further, upon information and belief, Suh maintains a residence within the jurisdictional boundaries of this court.

7.      Intervening Plaintiffs are informed and believe and thereon allege that during all times relevant herein Suh (sometimes referred to herein as "The Individual Defendant") is and/or was during times relevant herein, insiders with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who is and/or was during times herein responsible for the daily management and control of Juniper Tree.

8.      Plaintiff is further informed and believes and thereon further alleges that during all times herein the Defendants, and each of them, were subject to license as a dealer and commission merchant under the PACA, with actual and/or constructive knowledge of the PACA trust.

9.      Defendant Juniper Tree and the Individual Defendant will be collectively referred to herein as the "Defendants."

/ / /

/ / /

/ / /

**EXHIBIT 1**

## II.

## JURISDICTION AND VENUE

10.    This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331.   This Court has supplemental jurisdiction over Intervening Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

11.    Venue is proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Intervening Plaintiff's claims occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district.

## III.

## FIRST CAUSE OF ACTION

## (Breach of Contract Against Defendant JUNIPER TREE)

12.    Intervening Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 11 inclusive, of this Complaint in Intervention as though fully set forth herein.

13.    At all times relevant herein, Defendants were engaged in the handling of produce in or in contemplation of interstate commerce as a dealer and/or retailer, subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

14.    Intervening Plaintiffs sold and shipped perishable agricultural commodities to Defendant JUNIPER TREE, at said Defendant's request, in a series of transactions for which said Defendant agreed to pay in amounts cumulatively totaling at least $184,039.60 as follows:

| Movant | Transaction Date | Principal Amount Due |
|--------|------------------|----------------------|
| Trinity Fruit | July 23, 2007 through August 18, 2007 | $70,706.50 |

4

EXHIBIT 1

| Northeast Trading | October 17, 2007 through December 11, 2007 | $98,741.10 |
| KB & R | December 9, 2007 through December 12, 2007 | $14,592.00 |
| | **Total** | **$184,039.60** |

15.     On or about the date of the transactions described in paragraph 14, above, Intervening Plaintiffs forwarded to Defendant JUNIPER TREE an invoice for each transaction setting forth in detail the amount owed by said Defendant to Intervening Plaintiffs for Defendant's purchase of the commodities.

16.     The invoices of Intervening Plaintiffs contain provisions for attorneys' fees on the face of each of the invoices submitted to Defendants.  The invoices of Intervening Plaintiffs also contained provisions for interest on unpaid balances at the rate of 1.5% per month (18% per annum) from the date payment was due until paid.  Each of these provisions are bargained for terms of the contract and are sums owing in connection with the transaction.  Accordingly, Intervening Plaintiffs are entitled to and request judgment against Defendants, jointly and severally, for pre-judgment interest and/or finance charges, costs and attorneys' fees.

17.     Intervening Plaintiffs have repeatedly demanded that Defendants pay the amounts due and owing under the invoices, totaling the principal amount of at least $184,039.60, however, Defendants have failed and refused and continue to fail and refuse to pay Intervening Plaintiffs for the produce purchased by Defendant leaving a balance due of at least $184,039.60, no part of which has been paid.

18.     Intervening Plaintiffs have performed all conditions, covenants and obligations required to be performed by it under the agreements for sale of produce as set forth herein.

**EXHIBIT 1**

19.     As a direct and proximate result of the failure of said Defendant to remit payment due to Intervening Plaintiffs as described above, Intervening Plaintiffs have suffered losses in the principal amount of at least $184,039.60.

## IV.

## SECOND CAUSE OF ACTION

**(Enforcement of Statutory Trust Provisions of PACA Against All Defendants)**

20.     Intervening Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 19, inclusive of this Complaint in Intervention as though fully set forth herein.

21.     Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Intervening Plaintiffs to Defendant JUNIPER TREE, Intervening Plaintiffs became the beneficiaries of a floating, non-segregated statutory trust on all of Defendant's perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products ("PACA Trust Assets").

22.     Pursuant to the statutory trust provisions of the PACA [7 U.S.C. §499e(c)(1)-(4)], Intervening Plaintiffs performed and fulfilled all duties required to preserve Intervening Plaintiffs' PACA trust benefits in the total amount of at least $184,039.60, all of which remains past due and unpaid.

23.     The PACA trust requires Defendants, and each of them, as statutory PACA trustees, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Intervening Plaintiffs until full payment has been made to Intervening Plaintiffs. Intervening Plaintiffs allege that Defendants have failed to maintain the PACA Trust Assets and keep them available to satisfy Defendants' obligations to Intervening Plaintiffs, all in violation of

**EXHIBIT 1**

the provisions of the PACA, 7 U.S.C. §499(b)(4) and the regulations promulgated by the Secretary of Agriculture, 7 C.F.R. §46.46. Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached Defendants' fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA, Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

24.    Intervening Plaintiffs are informed and believe and upon that basis allege that during times relevant herein and continuing, Defendants, and each of them, transferred or diverted the PACA Trust Assets, namely receivables or proceeds derived from the sale of produce to Defendants' own use and/or to an unknown third party or parties in violation of statutory duties under the PACA to preserve the trust assets for the benefit of Intervening Plaintiffs. [7 C.F.R. §46.46(c)]. The statutory trust created by PACA unequivocally gives priority to the interests of Intervening Plaintiffs on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

25.    As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Intervening Plaintiffs have suffered the loss of at least $184,039.60, all of which qualifies for protection under the PACA trust, in net produce sales due and owing to Intervening Plaintiffs and wrongfully withheld from Intervening Plaintiffs or wrongfully diverted by the Defendants.

/ / /

/ / /

/ / /

**EXHIBIT 1**

**V.**

## THIRD CAUSE OF ACTION

**(For Violation Of Perishable Agricultural Commodities Act:**

**Failure To Account And Pay Promptly)**

26.     Intervening Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 25 inclusive, of this Complaint in Intervention as though fully set forth herein.

27.     Intervening Plaintiffs have repeatedly demanded that Defendant JUNIPER TREE pay the amounts due stated above, totaling $184,039.60 for produce sold and delivered to Defendant JUNIPER TREE as described above.  Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions.  Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached Defendants' duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

28.     As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Intervening Plaintiffs have suffered losses in the amounts of at least $184,039.60 in net produce sales proceeds due and owing to Intervening Plaintiffs and wrongfully withheld or wrongfully diverted by Defendants.

**VI.**

## FOURTH CAUSE OF ACTION

**(Breach of Fiduciary Duty – As Against The Individual Defendant)**

29.     Intervening Plaintiffs hereby reallege and incorporate by reference paragraphs 1

8

**EXHIBIT 1**

through 28, inclusive, of this Complaint in Intervention as though fully set forth herein.

30.     Intervening Plaintiffs are informed, believe and thereon allege that at times relevant to this action, The Individual Defendant was the controlling officer, director, shareholder and/or employee of Defendant JUNIPER TREE.

31.     As the controlling officer, director, member, shareholder and/or employee of JUNIPER TREE, The Individual Defendant had a duty to ensure that Defendant JUNIPER TREE fulfilled its duties as a PACA trustee and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Intervening Plaintiffs, as the obligations became due.

32.     Intervening Plaintiffs are informed, believe and thereon allege that The Individual Defendants had full knowledge and responsibility for the handling of Defendant JUNIPER TREE's duties as trustee of the PACA trust.

33.     Intervening Plaintiffs are informed, believe and thereon allege that The Individual Defendant controlled or had a duty to control Defendant JUNIPER TREE's operations and financial dealings, including those involving the PACA Trust Assets.

34.     Intervening Plaintiffs are informed, believe and thereon allege that Defendant JUNIPER TREE breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

35.     Intervening Plaintiffs are informed, believe and thereon allege that The Individual Defendant breached his fiduciary duties to direct Defendant JUNIPER TREE to fulfill its duties as a PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Intervening Plaintiffs for the Produce they supplied to Defendants.

**EXHIBIT 1**

36.    As a direct and proximate cause and result of the Individual Defendant's breach of fiduciary duty, the Intervening Plaintiffs have incurred damages in the amount of $184,039.60 plus recoverable interest, finance charges, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

37.    As statutory PACA trustees, The Individual Defendant is personally liable to Intervening Plaintiffs for their breach of fiduciary duty in dissipating the PACA trust to the extent of $184,039.60 plus, recoverable interest, finance charges, attorneys' fees and costs, less any monies Intervening Plaintiffs receive from the PACA Trust Assets.

## VII.

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment - As against all Defendants)

38.    Intervening Plaintiffs hereby alleges and incorporates by reference paragraphs 1 through 37, inclusive, of this Complaint in Intervention as though fully set forth herein.

39.    Intervening Plaintiffs are informed, believe and thereon allege that Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Intervening Plaintiffs, and/or the proceeds therefrom, valued in the amount of at least $184,039.60.

40.    If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, it will be unjustly enriched to the detriment of Intervening Plaintiffs.

41.    As a direct and proximate result of the wrongful conversion of funds due to Intervening Plaintiffs as assignees, Intervening Plaintiffs have been damaged and Defendants have been unjustly enriched in the amount of at least $184,039.60, plus interest thereon, all of which qualify for protection under the PACA trust.

**EXHIBIT 1**

**VIII.**

<u>**SIXTH CAUSE OF ACTION**</u>

**(For Declaratory Relief - As against all Defendants)**

42.    Intervening Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 41, inclusive, of this Complaint in Intervention as though fully set forth herein.

43.    An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Intervening Plaintiffs contend the PACA trust requires the Defendants to preserve the trust assets for the benefit of Intervening Plaintiffs until Intervening Plaintiffs are fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

44.    Intervening Plaintiffs seek an Order of this Court declaring that their PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Intervening Plaintiffs are beneficiaries.  Intervening Plaintiffs would show that any perfected security interest which a third party might have in Defendants' accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Intervening Plaintiffs.

45.    Further, Intervening Plaintiffs seek a declaratory judgment from this Court establishing (1) that the trust funds never became property of Defendants or the estate of Defendants under 11 U.S.C. §541; (2) that Intervening Plaintiffs' trust claims under the PACA amendment are superior to and take priority over Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable, inventory and the proceeds thereof; and, (3) that only

11

**EXHIBIT 1**

funds in excess of the trust funds necessary to pay the PACA trust claimants are property of Defendants or the estate of Defendants, possibly subject to a third party's liens or claims, if such are established.  7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

## IX.

## <u>SEVENTH CAUSE OF ACTION</u>

**(For Attorneys' Fees, Costs and Finance Charges and/or Interest on Unpaid Balance Owed - Against All Defendants)**

46.    Intervening Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 45, inclusive, of this Complaint in Intervention as though fully set forth herein.

47.    Pursuant to PACA, 7 U.S.C. §499e(c) and the Code of Federal Regulations promulgated thereunder, Defendants were statutorily required to maintain a trust in such amount in favor of Intervening Plaintiffs in order to make full payment to Intervening Plaintiffs.

48.    As a result of the failure of Defendants to maintain the trust and to make full payment promptly, Intervening Plaintiffs have been required to pay attorneys' fees and costs in order to bring this action to compel payment of the trust *res.*

49.    As a further result of the failure of Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Intervening Plaintiffs have lost the use of said money.

50.    Intervening Plaintiffs will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Intervening Plaintiffs must expend part of said payment on attorneys' fees, costs and loss of interest due to violations by Defendants of their statutory duties to maintain the trust and make full payment promptly.

51.    The invoices of Intervening Plaintiffs contain provisions for attorneys' fees on the

**EXHIBIT 1**

face of each of the invoices submitted to Defendants. The invoices of Intervening Plaintiffs also contained provisions for interest on unpaid balances at the rate of 1.5% per month (18% per annum) from the date payment was due until paid. Each of these provisions are bargained for terms of the contract and are sums owing in connection with the transaction. Accordingly, Intervening Plaintiffs are entitled to and request judgment against Defendants, jointly and severally, for pre-judgment interest and/or finance charges, costs and attorneys' fees.

WHEREFORE, Intervening Plaintiffs pray for judgment against Defendants as follows:

## FIRST CAUSE OF ACTION

### (For Breach Of Contract)

1.    For damages in the cumulative amount of $184,039.60 as against Defendant JUNIPER TREE, in the amounts separately set forth herein as to each Intervening Plaintiff;

2.    For interest and/or finance charges thereon at the contractual rate of 18% per annum, or at the highest legal rate from the date the obligation became due and payable to Intervening Plaintiffs, according to proof;

3.    For reasonable attorneys' fees and costs incurred herein; and

4.    For such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### (For Enforcement of Statutory Trust Provisions of PACA)

1.    For an order requiring Defendants to immediately account for and pay all PACA trust assets to Intervening Plaintiffs in the cumulative amount of $184,039.60 as against Defendants, jointly and severally, in the amounts separately set forth herein as to each Intervening Plaintiff;

2.    For interest and/or finance charges thereon at the contractual rate of 18% per

13

**EXHIBIT 1**

annum, or at the highest legal rate from the date the obligation became due and payable to Intervening Plaintiffs, according to proof;

3.      For reasonable attorneys' fees and costs incurred herein; and

4.      For such other and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION

**(For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly)**

1.      For damages in the cumulative amount of $184,039.60 as against Defendants, jointly and severally, in the amounts separately set forth herein as to each Intervening Plaintiff;

2.      For an order requiring Defendants to immediately account for and pay all PACA trust assets to Intervening Plaintiffs in the cumulative amount of $184,039.60 as against Defendants, jointly and severally, in the amounts separately set forth herein as to each Intervening Plaintiff;

3.      For interest and/or finance charges thereon at the contractual rate of 18% per annum, or at the highest legal rate from the date the obligation became due and payable to Intervening Plaintiffs, according to proof;

4.      For reasonable attorneys' fees and costs of suit incurred herein; and

5.      For such other and further relief as the court may deem just and proper.

### FOURTH CAUSE OF ACTION

**(For Breach of Fiduciary Duty As Against the Individual Defendants)**

1.      For judgment, jointly and severally, against the Individual Defendants and in favor of Intervening Plaintiff in the amount of $184,039.60;

2.      For interest at the contractual rate of 18% per annum, or at the highest legal rate

**EXHIBIT 1**

from the date each invoice became past due and payable to Intervening Plaintiffs, less any monies received from Defendant JUNIPER TREE;

3.    For reasonable attorneys' fees and costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment - As against all Defendants)

1.    For damages in the combined principal amount of $184,039.60;

2.    For interest at the contractual rate of 18% per annum, or at the highest legal rate from the date the obligation became due and payable to Intervening Plaintiffs, according to proof;

3.    For reasonable attorneys' fees and costs of suit incurred herein; and

4.    For such other and further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION

### (For Declaratory Relief -As against all Defendants)

1.    For a declaratory judgment establishing that:

(a)    The PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

(b)    The Intervening Plaintiffs' trust claims under the PACA amendment is superior to and takes priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

(c)    Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of the estate of Defendants possibly subject to the Defendants' liens or claims, if any are established;

15

**EXHIBIT 1**

2.      For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the combined principal sum of at least $184,039.60;

3.      For interest thereon at the contractual rate of 18% per annum, or at the highest legal rate from the date the obligation became due and payable to Intervening Plaintiffs, according to proof;

4.      For reasonable attorneys' fees and costs incurred herein; and

5.      For such other and further relief as this Court deems proper.

**SEVENTH CAUSE OF ACTION**

**(For Attorneys Fees, Costs, Finance Charges and/or Interest)**

1.      For interest or finance charges thereon at the contractual rate of 18% per annum, or at the highest legal rate from the date the obligation became due and payable to Intervening Plaintiffs, according to proof, until fully paid as separately alleged above, until all principal sums are fully paid;

2.      For reasonable attorneys' fees and costs of suit incurred herein; and,

For such other and further relief as this Court deems proper.

Respectfully Submitted,

ROSNER, NOCERA & RAGONE, LLP

DATED:  June 26, 2008                By:_____/S/_____

PETER A. RAGONE, ESQ. (PR-6714)
ANTHONY L. COTRONEO, ESQ. (AC-0361)
110 Wall Street-23rd Floor
New York, New York 10005
Tel:  (212) 635-2244
Fax:  (212) 635-0533

-and-

R. JASON READ, ESQ. (RR-0232)

**EXHIBIT 1**

CA State Bar No. 117561
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA  92660
Tel:  (949) 752-2911
Fax: (949) 752-0953

Attorneys for Plaintiffs
DAVID E. WHITE CO., INC. d/b/a TRINITY
FRUIT SALES CO., et al.

**EXHIBIT 1**

PETER RAGONE, ESQ. (PR-6714)
ANTHONY L. COTRONEO, ESQ. (AC-0361)
ROSNER, NOCERA & RAGONE, LLP
110 Wall Street-23rd Floor
New York, New York 10005
Tel:  (212) 635-2244
Fax:  (212) 635-0533

-and-

R. JASON READ, ESQ. (RR-0232)
CA State Bar No. 117561
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA  92660
Tel:  (949) 752-2911
Fax: (949) 752-0953

Attorney for Plaintiffs
DAVID E. WHITE CO., INC. d/b/a
TRINITY FRUIT SALES CO., et al.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CHIQUITA FERSH NORTH AMERICA LLC; and WILLIAM MANIS COMPANY | : | Case No.:  08-cv-02403-BSJ |
| | : | |
| Plaintiffs | : | **[PROPOSED] ORDER GRANTING** |
| vs. | : | **DAVID E. WHITE CO., INC. d/b/a** |
| | : | **TRINITY FRUIT SALES CO., ET** |
| JUNIPER TREE, INC., a/t/a BEST PRODUCE; and YOUNG J. SUH | : | **AL.'S, ET AL.'S MOTION TO** |
| | : | **INTERVENE** |
| Defendants | : | |
| | : | |
| DAVID E. WHITE CO., INC. d/b/a TRINITY FRUIT SALES CO., a corporation; NORTHEAST TRADING, INC., a corporation; KB & R TRADING CORP., a corporation, | : | |
| | : | |
| Intervening Plaintiffs | | |

1

|  | : |
|---|---|
| vs. | : |
|  | : |
| JUNIPER TREE, INC., a/t/a BEST | : |
| PRODUCE, a corporation; and YOUNG J. | : |
| SUH, individually, | : |
|  | : |
| Defendants | : |

Having read and considered Motion to Intervene in the above captioned matter filed by Movants David E. White Co., Inc., doing business as Trinity Fruit Sales Co., Northeast Trading, Inc., and KB & R Trading Corp. and any opposition thereto, and good cause appearing therefore,

IT IS HEREBY ORDERED that Movants' Motion to intervene is hereby granted in its entirety.

IT IS FURTHER ORDERED that Movants are hereby granted leave to file their Complaint in Intervention in this matter.

SO ORDERED.

Dated: _____

_____
HON. BARBARA S. JONES
Judge, U.S. District Court