PETER A. RAGONE, ESQ. (PR-6714)
ANTHONY L. COTRONEO, ESQ. (AC-0361)
ROSNER, NOCERA & RAGONE, LLP
110 Wall Street-23rd Floor
New York, New York 10005
Tel: (212) 635-2244
Fax: (212) 635-0533

-and-

R. JASON READ, ESQ. (RR-0232)
CA State Bar No. 117561
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 752-2911
Fax: (949) 752-0953

Attorney for Plaintiffs
DAVID E. WHITE CO., INC. d/b/a
TRINITY FRUIT SALES CO., et al.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHIQUITA FERSH NORTH AMERICA LLC; and WILLIAM MANIS COMPANY<br><br>     Plaintiffs<br>  vs.<br><br>JUNIPER TREE, INC., a/t/a BEST PRODUCE; and YOUNG J. SUH<br><br>     Defendants | Case No.: 08-cv-02403-BSJ<br><br>**DAVID E. WHITE CO., INC. d/b/a TRINITY FRUIT SALES CO., ET AL.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE AS PARTY PLAINTIFFS** |
| DAVID E. WHITE CO., INC. d/b/a TRINITY FRUIT SALES CO., a corporation; and NORTHEAST TRADING, INC., a corporation; KB & R TRADING CORP., a corporation,<br><br>     Intervening Plaintiffs | |

1

|  | : |
| --- | --- |
| vs. | : |
|  | : |
| JUNIPER TREE, INC., a/t/a BEST PRODUCE, a corporation; and YOUNG J. SUH, individually, | : |
|  | : |
|  | : |
|  | : |
| Defendants | : |
|  | : |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE AS PARTY PLAINTIFFS

### I.

### INTRODUCTION AND FACTS

The original Plaintiff in the litigation is an unpaid supplier of perishable agricultural commodities ("produce") seeking to enforce an express statutory trust against Juniper Tree, Inc., a/t/a Best Produce and Young J. Suh (collectively "Defendants"). The trust in question is imposed upon the assets of Defendants, pursuant to §499e(c)(2) of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §499a-499t, as amended (1986 & Supp. 1998) (the "PACA").

The Movants are similarly situated unpaid suppliers and sellers of produce and, as a result, have identical rights against the Defendants for the unpaid amount of their own transactions with the Defendants.

Accordingly, the Movants have an interest in the same body of property sought to be recovered by the original Plaintiff, being the PACA trust assets or trust *res* which is the subject matter of the litigation. As the PACA creates a single pool of assets from which all prospective PACA trust beneficiaries are to receive payment, intervention is necessary to protect the Movants' interests in and to their share of the PACA trust *res*.

Movants are perfected trust beneficiaries of Defendants. Defendants owe Movants the principal sums below plus interest or finance charges, attorney's fees and costs for the purchases, on credit, of perishable agricultural commodities, as follows:

| Movant | Transaction Date | Principal Amount Due |
|---|---|---|
| Trinity Fruit | July 23, 2007 through August 18, 2007 | $70,706.50 |
| Northeast Trading | October 17, 2007 through December 11, 2007 | $98,741.10 |
| KB & R | December 9, 2007 through December 12, 2007 | $14,592.00 |
|  | Total | **$184,039.60** |

Movants seek to enforce their rights under PACA, wherein Defendants acted as statutory trustees of the PACA trust. Defendants breached their fiduciary duties thereunder by failing to maintain the PACA trust and by failing to pay promptly in violation of the PACA.

## II.

## AUTHORITY

**A.  Movants Are Entitled To Intervene Pursuant To Fed. R. Civ. P. 24(A)(2) as a Matter Of Right**

Rule 24(a) of the Federal Rules of Civil Procedure provides:

> (a) Intervention of Right.  Upon timely application anyone shall be permitted to intervene in an action:  (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Intervention as of right under Rule 24(a)(2) has four requirements:  (1) the application must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that disposition of the action may impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by existing parties.  Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 817-818 (9th Cir. 2001).  Coalition of Arizona/New Mexico Counties v. Dep't. of Interior, 100 F.3d 837, 840 (10th Cir. 1996) (quoting Fed. R. Civ. P. 24(a)(2)).  Texas v. U.S. Dept. of Energy, 754 F.2d 550 (5th Cir. 1985).  See also, Newport

3

News Shipbuilding and Drydock Co. v. Peninsula Shipbuilder's Association, 646 F.2d 117 (4th Cir. 1981).  As with all of the Federal Rules of Civil Procedure, Rule 24 is to be liberally construed.  Washington State Bldg. & Const. Trades Council v. Spellman, 684 F.2d 627, 630 (9th Cir. 1982).  Movants meet all four of the above requirements for intervention as of right.

/ / /

/ / /

      1.    *Movants' Motion Is Timely*

The timeliness of a motion to intervene is assessed "in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant and the existence of any unusual circumstances.  Sanguine, Ltd. v. United States Dep't. of Interior, 736 F.2d 1416, 1418 (10th Cir. 1984.)

A motion for intervention, either as a matter of right or permissive, must be timely, but timeliness is not a word of exactitude or of precisely measurable dimensions, and is, rather, a measure to be determined from all circumstances within the sound discretion of the trial court.  Jones v. Caddo Parish School Bd., 704 F.2d 206 (5th Cir. 1983).  Circumstances relevant to the determination as to timeliness include:  the purpose for which intervention is sought, the necessity for intervention as a means of preserving the Movants' rights, and the improbability of prejudice to those parties already in the case.  Hodgson v. United Mine Workers of America, 473 F.2d 118 (D.C. Cir. 1972).  In the instant case, Movants are acting in a timely and expedited fashion as the original Plaintiff's action was filed January 16, 2008.

      2.    *Movants Have An Interest In The Property Which Is The Subject Of The Action.*

Movants also meet the second requirement for intervention as a matter of right in that they have an interest relating to the property which is the subject of the action.  A sufficient interest has been held to exist when there is a readily identifiable fund in which applicants maintain a right to participate.  Hardy-Latham v. Wellons, 415 F.2d 674 (4th Cir. 1968).  It has also been held that intervention by a party, whose only interest in the litigation is a lien on

proceeds, is proper at any time before final judgment. Lalic v. Chicago, B.&.Q.R. Co., 263 F. Supp. 987 (D.C. Ill. 1967). Movants assert an interest in the funds constituting the *res* of the PACA trust. As qualified trust beneficiaries by virtue of compliance with the PACA notice requirements, Movants have the right to participate in the distribution of the *res*.

/ / /

/ / /

### 3. *Without Intervention, Movants' Ability To Protect Their Interests May Be Impaired.*

Movants meet the third requirement for intervention as a matter of right because disposition of the action *sub judice* without their intervention will may impair or impede the ability to protect their interests. Movants' inability to intervene at this time will directly hinder their ability to collect the amounts owed on their PACA trust claims. For this reason, intervention is proper. Hardy-Latham v. Wellons, *supra*. It is the practical effect of the disposition that determines whether an applicant's interest would be impaired. United States v. City of Los Angeles, 288 F.3d 391, 399 (9th Cir. 2002). Movants are entitled to participate in at least an equitable pro rata distribution with the current Plaintiff as opposed to being forced to sit away from the banquet table and wait for crumbs once Plaintiff has satisfied itself. The only way to ensure that Movants' PACA claims will be considered, along with those of the current Plaintiff, is to permit intervention.

### 4. *Movants Will Not Be Adequately Represented By The Existing Parties.*

Finally, Movants will not be adequately represented by existing parties. As set forth above, where the trust *res* may be insufficient to satisfy the claims of all qualified beneficiaries, PACA trust beneficiaries are entitled to an immediate pro rata distribution of the trust fund. See, In re Milton Poulos, Inc., 107 B.R. 715 (9th Cir. B.A.P. 1989); J.R. Brooks & Sons, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bankr. N.D. Fla. 1989); In re United Fruit and Produce, 86 B.R. 14 (Bankr. D. Conn. 1988). For this reason, the existing Plaintiff and Movants have adverse interests. Assuming, and there is a significant possibility that this is the case, that

the trust *res* will not satisfy all the PACA creditors, the existing Plaintiff will ensure itself a greater pro rata distribution should no other PACA creditors enter this action. Therefore, Movants' interests are not being adequately represented at this time and will continue to be inadequately represented, and thereby prejudiced, if not permitted to intervene.

Because all the requirements set forth in Texas v. U.S. Dept. of Energy, *supra*, have been met, the instant Motion for Leave to Intervene as of right pursuant to Rule 24(a) is appropriate and should be granted.

**B.    Alternatively, Movants Should Be Permitted To Intervene Pursuant To Fed. R. Civ. P. 24(b)**

Rule 24(b) of the Federal Rules of Civil Procedure provides:

> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Alternatively, Movants request permission to intervene pursuant to Rule 24(b)(2), because their claims and the main action have questions of law and fact in common. It has been held that anyone may be permitted to intervene if common questions of law or fact exist, unless the Court, in its discretion, determines that the intervention would unduly delay or prejudice adjudication of the rights of the original parties. See, Pierson v. United States, 71 F.R.D. 75 (D.C. Del. 1976). The common question of law as to the claims of all PACA creditors involves entitlement to payment as a qualified trust beneficiary. There will also be common questions of fact that can be determined in a single proceeding. For instance, the existing Plaintiff and Movants have an interest, as is the case here, in tracing trust assets which have wrongfully left

6

Defendants (e.g. payments to insiders or to secured creditors) or have taken on another form (e.g. new equipment). Thus, the desire for judicial economy is furthered by intervention.

Under existing law, the PACA trust *res* "exists for the benefit of all unpaid produce sellers." Frio Ice S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990). Accordingly, the disposition of the present action will necessarily impede the Movants' ability to protect their interests in the PACA trust *res* if it is not allowed to intervene.

The Plaintiff will not be unduly prejudiced by this intervention. Their rights to pro rata distributions will be adjudicated in due course. It is instead Movants who will suffer if not allowed to intervene in this case.

In the case *sub judice*, to date, there have been no determinations made as to the scope of the trust or the validity of any PACA claims. No dispositive motion deadline has been set, nor have the final pre-trial or trial dates been set. Movants further assert that their intervention will not cause undue delay in the final distribution of the trust *res*, but, in fact, will expedite finality as to all claims.

### III.

### CONCLUSION

Based upon the foregoing discussion, Movants meet all the requirements for intervention as of right pursuant to Fed. R. Civ. P. 24(a). Alternatively, Movants should be permitted to intervene under the provisions of Fed. R. Civ. P. 24(b), because there exists common questions of law and fact and no undue delay or prejudice to the original parties would result by virtue of such intervention.

WHEREFORE, Movants respectfully request that this Court grant the instant Motion for Leave to Intervene as Party Plaintiffs and grant them leave to file the attached Complaint in Intervention.

Dated June 26, 2008.

>Respectfully Submitted,
>
>ROSNER, NOCERA & RAGONE, LLP
>
>By: _____/S/_____
>   PETER A. RAGONE, ESQ. (PR-6714)
>   ANTHONY L. COTRONEO, ESQ. (AC-0361)
>   110 Wall Street-23rd Floor
>   New York, New York 10005
>   Tel:  (212) 635-2244
>   Fax:  (212) 635-0533
>
>   -and-
>
>   R. JASON READ, ESQ. (RR-0232)
>   CA State Bar No. 117561
>   RYNN & JANOWSKY, LLP
>   4100 Newport Place Drive, Suite 700
>   Newport Beach, CA  92660
>   Tel:  (949) 752-2911
>   Fax: (949) 752-0953
>
>   Attorney for Plaintiffs
>   DAVID E. WHITE CO., INC. d/b/a TRINITY
>   FRUIT SALES CO., et al.